UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN SALMON,              : | |
|     Plaintiff,             : | |
|                     : | |
| v.                       : | CASE NO. 3:14-cv-915 (SRU) |
|                     : | |
| CAPTAIN CAHILL,       : | |
|     Defendant.        : | |

INITIAL REVIEW ORDER

The plaintiff, Marvin Salmon, currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, commenced this action *pro se* pursuant to 42 U.S.C. § 1983. Salmon's motion to proceed *in forma pauperis* was granted on July 10, 2014. The defendant, Captain Cahill, is named in his individual capacity only.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Salmon alleges that Captain Cahill required him to share a cell with inmate Cook even after Salmon informed him that Cook had threatened him.  As a result, Cook assaulted Salmon, placing him in a coma and causing brain damage.

The complaint will proceed on the claim that Captain Cahill was deliberately indifferent to Salmon's safety.

## ORDERS

Accordingly, the court enters the following orders:

(1)     The **Clerk shall** verify Captain Cahill's current work address with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to him at that address within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If the defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     The **Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(3)     The **Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order.  If he chooses to file an answer,

he shall admit or deny the allegations and respond to the cognizable claims recited above. He also may include any and all additional defenses permitted by the Federal Rules.

  (5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

  (6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

  (7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

  (8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

  **SO ORDERED** this 25th day of July 2014, at Bridgeport, Connecticut.

            /s/ Stefan R. Underhill
            Stefan R. Underhill
            United States District Judge