UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN SALMON, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:14-cv-915 (SRU) |
| : | |
| CAPTAIN CAHILL, : | |
|     Defendant. : | |

RULING ON PENDING MOTIONS

The defendant, Captain Cahill, has filed a motion to vacate the Court's order granting the plaintiff in forma pauperis status and to require the plaintiff to provide security for costs in this case. The plaintiff, Marvin Salmon, has filed motions seeking assistance in obtaining service copies, appointment of counsel and leave to amend his complaint. For the reasons that follow, all of the motions are denied.

I.   Motion to Vacate and Motion for Security for Costs [Doc. #14]

The defendant moves to vacate the order granting the plaintiff *in forma pauperis* status and to require the plaintiff to provide security for costs in this case. The defendant states that the plaintiff misrepresented his assets on his *in forma pauperis* application and deliberately spent money deposited to his inmate account on non-essential items rather than saving it for the filing fee.

The plaintiff declared under penalty of perjury that he had not received any money in the form of gifts or from other sources in the twelve months preceding the date of the application. See Doc. #2 at 2-3. A review of his inmate account statement, however, shows four large deposits totaling $550.00 in the three months before the plaintiff commenced this action. Thus, the plaintiff made false statements in his application.

In opposition to the defendant's motion, the plaintiff states that he relied on other inmates and believed that he qualified for *in forma pauperis* status because, at no time did he have $400.00 in his inmate account to pay the filing fee. The account statement shows that the plaintiff immediately spent the money he received. This appears to be the first federal case the plaintiff has filed.

A misrepresentation of financial assets is not necessarily fatal to a plaintiff's claims. *See Morales v. E.I. Du Pont De Nemours & Co.*, No. 02-CV-786A(F), 2004 WL 2106590, at *2 (W.D.N.Y. Sept. 21, 2004). Although 28 U.S.C. § 1915(e)(2)(A) included mandatory language requiring the court to dismiss a case if the plaintiff's allegations of poverty are untrue, dismissal is addressed to the discretion of the district court and is considered a harsh remedy which should be reserved for the most serious cases. *See Hobbs v. County of Westchester*, No. 00 Civ. 8170(JSM), 2002 WL 868269, at *1 (S.D.N.Y. May 3, 2002). Dismissal is appropriate, however, when a plaintiff "misrepresents [his or] her financial arrangements in bad faith to obtain IFP status." *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). In light of the plaintiff's unfamiliarity with federal litigation or the *in forma pauperis* system, the Court concludes that the plaintiff did not act in bad faith.

Rather than dismissal, the defendant seeks revocation of *in forma pauperis* status. He argues that the plaintiff had deposits of $950.00 to his trust account during the seven months prior to filing this action. On November 25, 2013, the plaintiff had a balance of $389.87 in his account. On April 16, 2014, the balance rose to $365.94. At no point did he have the $400.00 required to pay the filing fee and for most of the time the balance was less than $250.00. The plaintiff states that he sought *in forma pauperis* status because he understood that to be the proper procedure if he did not have the entire filing fee. The plaintiff also states that he does not

2

know when deposits will be made to his account or in what amount. The trust account statement supports this assertion. Although the plaintiff could have resisted his immediate purchase of non-essential items from the commissary and saved his money to prepay the filing fee, in light of the court's determination that the plaintiff did not act in bad faith, it will not now vacate the order granting *in forma pauperis* status.

II.      Motion for Assistance [Doc. #19]

The plaintiff states that the copy machine at his correctional facility is broken and seeks assistance in making service copies of documents he will file in this case. The plaintiff is confined at the Cheshire Correctional Institution. Since February 17, 2015, Cheshire Correctional Institution fully participates in the prisoner e-filing program. As an inmate at a participating facility, the plaintiff is no longer required to serve copies of the documents he files on the defendants. When the plaintiff filed a document, defendant's counsel receives a Notice of Electronic Filing which constitutes service of the document on the defendant. Accordingly, the plaintiff no longer requires service documents and his motion is denied as moot.

III.     Motion for Appointment of Counsel [Doc. #20]

The plaintiff seeks appointment of *pro bono* counsel in this case pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 396 (2d Cir. 1997). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)).

Although the plaintiff states that he requires legal assistance, the Court notes that the

3

complaint was drafted by Attorney Michael Rubino, Jr., from Inmates' Legal Assistance Program. The plaintiff has provided no information suggesting that Inmates' Legal Assistance Program will not continue to provide legal assistance in this case. Accordingly, the plaintiff's motion for appointment of counsel is denied without prejudice.

IV.     Motion for Leave to Amend [Doc. #22]

The original complaint consists of four pages and clearly sets forth the plaintiff's claim against Captain Cahill for failure to protect him from harm at the hands of another inmate. The proposed amended complaint consists of ninety-one pages and includes replies to discovery responses.

A complaint need only contain a short and plain statement of the claim. Fed. R. Civ. P. 8(a). The original complaint does that. An amended complaint should clarify or amplify the original cause of action. *See Klos v. Haskell*, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), *aff'd*, 48 F.3d 81 (2d Cir. 1995). In support of his motion, the plaintiff states that he wishes to present evidence to support his claims. Allowing the plaintiff to file this amended complaint will not clarify this action. Accordingly, leave to amend is denied. The plaintiff can present his evidence on a motion for summary judgment, if one is filed in this case, or at trial.

The plaintiff also states that he wishes to change his selection of a court trial to a jury trial. In the original complaint, the plaintiff included a jury demand. Thus, no change is required.

V.      Conclusion

The defendant's motions to vacate the order granting *in forma pauperis* status and seeking security for costs [**Doc. #14**] is **DENIED**. The plaintiff's motion for assistance [**Doc. #19**] is **DENIED** as moot, his motion for appointment of counsel [**Doc. #20**] is **DENIED** without prejudice and his motion to amend [**Doc. #22**] is **DENIED**.

**SO ORDERED** this 16th day of March 2015, at Bridgeport, Connecticut.

          <u>/s/ STEFAN R. UNDERHILL</u>
          Stefan R. Underhill
          United States District Judge